**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Teamsters Union Local No. 710 Health & Welfare Fund, by and through its Board of Trustees, Samuel D. Pilger, Gary F. Caldwell, John T. Coli, Stephanie Brinson, and Brian Sherlock,** | : | **Civil Action** |
| | : | **No. ______________________** |
| **Plaintiffs** | : | |
| **v.** | : | |
| **Vanek, Inc.-Flatbed Division,** | : | |
| **Defendant** | : | |

## COMPLAINT

## INTRODUCTION

Plaintiffs bring this action against Defendant pursuant to the Labor Management Relations Act of 1947, as amended ("LMRA"), 29 U.S.C. § 185, and the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1132 and 1145. Plaintiffs seek an order directing Defendant to pay delinquent contributions currently due and owing and that may become due during the pendency of this litigation plus interest, liquidated damages, attorneys' fees and costs and any other amounts permitted in equity or by law.

## JURISDICTION AND VENUE

1. Plaintiffs invoke the jurisdiction of this Court pursuant to section 301(a) of the LMRA, 29 U.S.C. § 185(a); and sections 502(a)(3), 502(g)(2) and 515 of ERISA, 29 U.S.C. §§ 1132(a)(3), 1132(g)(2) and 1145.

2. The Defendant in this action is located in Cook County therefore jurisdiction in the Eastern Division of the U.S. District Court for the Northern District of Illinois is appropriate.

3. Venue is proper in this District pursuant to section 301(a) of the LMRA, 29 U.S.C. § 185(a); section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2); and 28 U.S.C. § 1391(b).

## PARTIES

4. Plaintiff TEAMSTERS UNION LOCAL NO. 710 HEALTH AND WELFARE FUND (the "Welfare Fund") is a jointly administered multi-employer employee benefit plan within the meaning of section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5); and sections 3(1) and 3(37)(A) of ERISA, 29 U.S.C. §§ 1002(1)(A) and 1002(37)(A). The Welfare Fund receives contributions from employers that are parties to a Collective Bargaining Agreement ("CBA") with the Teamsters Union Local 710 ("Teamsters Union"). The CBA obligates signatory employers to make contributions to the Welfare Plan.

5. The Welfare Fund's business address is 9000 West 187th Street, Mokena, Illinois.

6. The Welfare Fund operates pursuant to the terms and provisions of its Restated Agreement and Declaration of Trust ("Trust Agreement'), is administered by a Board of Trustees ("Trustees") in accordance with the section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5), and exists for the exclusive purpose of providing health and welfare benefits to its participants and their beneficiaries and defraying the reasonable expenses of administering the welfare plan in accordance with section 404 of ERISA, 29 U.S.C. § 1104. A copy of the Welfare Fund's Trust Agreement is attached hereto as **Exhibit A.**

7. Plaintiffs Samuel D. Pilger, Gary F. Caldwell, John T. Coli, Sr., Stephanie Brinson and Daniel Hoyer (collectively the "Trustees") are the Trustees for the Welfare Fund. The Trustees are fiduciaries of the Plan as such term is defined in section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A). The Trustees' business address as Trustees of the Plaintiff Fund is 9000 W. 187th Street, Mokena, Illinois 60448.

8. Defendant Vanek, Inc. - Flatbed Division ("Vanek") is a corporation engaged in the trucking business providing freight transportation and cargo hauling services. Vanek is an employer within the meaning of section 301(a) of the LMRA, 29 U.S.C. § 185(a); and section 3(5) of ERISA, 29 U.S.C. § 1002(5). Vanek's principal place of business is located at 3920 S. Loomis Avenue, Chicago, Illinois 60609.

**RELATIONSHIP OF PARTIES**

9. On or around June 10, 2011, Vanek executed a Collective Bargaining Agreement ("CBA") with the Teamsters Union, the terms of which extend from April 1, 2011 through May 31, 2013. The CBA is attached hereto as **Exhibit B.**

**DEFENDANT'S CONTRIBUTION OBLIGATION**

**Collective Bargaining Agreement Obligations**

10. Article 21 and 22 of the CBA sets forth Vanek's obligation to contribute to the Welfare Fund. *See Ex. B, Art. 21 and 22.*

11. Section 6.050 of the Welfare Fund's Trust Agreement provides for interest to be assessed on all delinquent contributions. *See Ex. A § 6.050.*

12. Section 6.050 of the Trust Agreement provides for the recovery of all expenses of collection of delinquent contributions incurred by the funds, including reasonable attorneys' fees and costs. *Id.*

13. Section 6.051 of the Trust Agreement provides that additional liquidated damages are due in the amount of (1) interest due or (2) 20% of unpaid contributions, whichever is greater. *See Ex. A § 6.051.*

13. Section 515 of ERISA, 29 U.S.C. § 1145, states that "[e]very employer who is obligated to make contributions to a multi-employer plan under the terms of the plan or under the

terms of a collectively bargained agreement shall to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement."

14. Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), further provides that "[i]n any action under this title by a fiduciary for or on behalf of a plan to enforce section 515 in which a judgment in favor of the plan is awarded, the court shall award the plan – (A) the unpaid contributions, (B) interest on the unpaid contributions, (C) an amount equal to the greater of (i) interest on the unpaid contributions, or (ii) liquidated damages provided for under the plan in an amount not in excess of 20% (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A), (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and (E) such other legal or equitable relief as the court deems appropriate."

15. A trustee has the duty to determine the contributions owed to the plan as well as a responsibility to assure full and prompt collection of all contributions owed to the plan. *See ERISA, 29 U.S.C. § 1104.*

**COUNT I**
**Unpaid Contributions – Health and Welfare Fund**

16. Plaintiffs incorporate by reference paragraphs 1 through 15 above as though fully set forth herein.

17. Pursuant to the CBA, which was executed by Vanek, Vanek is obligated to pay contributions to the Welfare Fund to support this benefit plan for the covered employees.

18. Pursuant to a payroll audit conducted by the Welfare Fund in 2013 (the "Audit"), for the period January 1, 2010 through December 31, 2012. Defendant is delinquent on its contributions to the Welfare Fund in the amount of $16,002.00. A copy of the audit report is attached hereto as **Exhibit C** (redacted for personal and confidential information).

19. As of October 31, 2016, interest on said delinquent contributions to the Fund totals $5,738.44. Interest continues to accrue until the contributions are paid in full. A copy of the updated calculated interest through October 31, 2016 owed to the Welfare Fund is attached hereto as **Exhibit D.**

20. Additionally, Vanek owes liquidated damages to the Welfare Fund in the amount of $5,738.44. *See Ex. A § 6.051; 29 U.S.C. § 1132(g)(2)(C).* Liquidated damages may increase if and when the interest due on the delinquent contributions begins to exceed this amount. *See id.* (providing that liquidated damages shall be either (a) 20% of delinquent contributions or (b) the interest due thereon, whichever is greater).

21. Additionally, the Welfare Fund has incurred audit fees and continues to incur attorneys' fees and costs through its collection efforts. Pursuant to Section 6.051 of *Exhibit A* and 29 U.S.C. § 1132(g)(2)(D), Vanek is obligated to pay these fees and costs to the Welfare Fund.

22. The Welfare Fund has demanded payment of the amounts owed, but Vanek has failed and/or refused to pay the contributions.

23. The Welfare Fund has been economically harmed by Vanek's failure to make contribution payments as required by the CBA and the Trust Agreement.

24. Vanek's failure and refusal to pay contributions to the Welfare Fund as required by the CBA violates section 515 of ERISA, 29 U.S.C. § 1145.

**WHEREFORE,** Plaintiffs pray that the Court grant the following relief:

(a) That the Court enter judgment in favor of the Plaintiffs and against Defendant, and that Defendant be ordered to pay all contributions owed to the Welfare Fund, plus interest, liquidated damages, audit fees and costs and attorney's fees and costs;

(b) That the Court enter judgment in favor of the Plaintiffs and against Defendant for any additional contribution amounts that may be found due and owing to the Welfare Fund during the pendency of this litigation, together with interest, liquidated damages, audit costs, and attorney's fees and costs as mandated by ERISA; and

(c) That the Court order such other relief that the Court deems just and appropriate.

Respectfully submitted,

WILLIG, WILLIAMS & DAVIDSON

_ s/ Linda M. Martin___________
LINDA M. MARTIN, ESQUIRE
*Lead Counsel*
1845 Walnut Street, 24th Floor
Philadelphia, PA 19103
Office (215) 656-3665
Facsimile (215) 561-5135
Email lmartin@wwdlaw.com

ILLINOIS ADVOCATES, LLC

__s/ William Tasch__________
WILLIAM TASCH, ESQUIRE
77 W. Washington, Suite 2120
Chicago, IL 60602
Office (312) 346-2052
Facsimile (312) 492-4804
Email William.Tasch@iladvocates.com

ILLINOIS ADVOCATES, LLC

__s/ Cara Anthaney_________
CARA ANTHANEY, ESQUIRE
77 W. Washington, Suite 2120
Chicago, IL 60602
Office (312) 346-2052
Facsimile (312) 492-4804

Email cara.anthaney@iladvocates.com

*Counsel to Plaintiffs Teamsters Local Union No. 710 Benefit Fund and Trustees*

Dated: November 30, 2016